UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*****************************************
Samuel Bourne,                                                    *
    Plaintiff                                                    *
                                                                              *
       v.                                                              *     12-cv-251-JL
State of New Hampshire, Supreme                         *
 Court of New Hampshire, Honorable Linda        *
 Dalianis, Honorable James Duggan,                   *
 Honorable Gary Hicks, Honorable Carol Ann  *
 Conboy, Honorable Robert Lynn                        *
 and Eileen Fox, Supreme Court Clerk               *
    Defendants                                                 *
                                                                              *
*****************************************

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The Defendant(s), State of New Hampshire, Supreme Court of New Hampshire, Honorable Linda Dalianis, Honorable James Duggan, Honorable Gary Hicks, Honorable Carol Ann Conboy, Honorable Robert Lynn and Eileen Fox, Supreme Court Clerk, by and through counsel, the Office of the Attorney General, submit the following memorandum of law in support of their motion to dismiss.

### I.    FACTUAL ALLEGATIONS

The complaint and documents attached to it demonstrate that at bottom, Plaintiff is asking the federal court to vacate and reverse various orders of the State Superior Court that were appealed unsuccessfully to the New Hampshire Supreme Court and to require the New Hampshire Supreme Court to hear or rehear matters that it has declined, and to vacate the New Hampshire Supreme Court's orders imposing costs.  Bourne characterizes his complaint as arising under the Privileges and Immunities Clause, Art. IV based on his belief that the court's actions are due to the fact that he is a Massachusetts resident; the First Amendment based on

denial of access to the courts as a result of his petitions being denied and sanctions for costs imposed; and the 14th Amendment for lack of due process and equal protection for failure to provide a fair hearing or an impartial tribunal. He further alleges that his claims arise under Section 1983 and Section 1988. *See* Complt. ¶ 3 and Counts I, IV and V. He further asserts counts for negligence for wrongly deciding his state court cases and fraudulent representation for asserting that the rulings were based on a review of the records and pleadings. *See* Count II and III.

The allegations are summarized as follows. Bourne claims that failure to provide a fair hearing before an impartial tribunal is demonstrated by the court's "rubber stamping" dismissals of his pleadings or prior cases because detailed opinions or orders analyzing his briefs and appendices were not issued and he does not believe that the papers were ever read. *See* Complt. ¶ 6, 7, 8-10, 24, 29, 30. He alleges that the court denied his petition for original jurisdiction due to favoritism to the Town of Madison and bias to him as an "outsider" as he is pro se and resides in Massachsetts. *See* Complt. ¶ 11 and 14. He alleges that Judge Houran should have recused himself, based apparently on the argument that as he views Judge Houran's decision as wrong therefore the judge did not follow the law and there is an appearance of impropriety that requires recusal. *See* Complt. ¶ 12-13, 25, 26. Bourne further claims that the Supreme Court is responsible for Judge Houran's decision under respondeat superior. *See* Complt. ¶ 28 and 31. He complains that the Court was wrong for not recognizing the validity of his arguments related to numerous actions by the Town of Madison raised in the case below and other Supreme Court pleadings. *See* Complt. ¶ 15-18. Bourne's claims are summed up in his statement that the state court orders that are not in his favor have damaged him. *See* Complt. ¶ 19, 21 and 27.

The only reference to Eileen Fox is in ¶ 15, but no conduct by Ms. Fox is actually described. However, the procedural orders of the Supreme Court attached as exhibits are issued by the Clerk, and the orders by the justices are also issued by Eileen Fox as Supreme Court Clerk. The State is apparently named as a party because it "created the positions and lack of controls over the NH Supreme Court." *See* Complt. ¶ 32.

## II.   LEGAL ARGUMENT

### A.   Standard for Motion to Dismiss

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court takes all well pleaded facts in the complaint as true and draws all reasonable inferences in the Plaintiff's favor. However, the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-563 (2007) rejected the "no set of facts" formulation in favor of a more rigorous standard that requires more of the plaintiff. Although a complaint "does not need detailed factual allegations," *Bell Atl. Corp.*, 550 U.S. at 555-56, the court should reject "unsupported conclusions or interpretations of law," *Estate of Bennett*, 548 F.3d 155, 162 (1st Cir. 2008) (quotations omitted), and the allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555-56. Put differently, dismissal is appropriate "if the complaint fails to state facts sufficient to establish a claim to relief that is plausible on its face." *Gray*, 544 F.3d at 324 (quotations omitted); *see Estate of Bennett*, 548 F.3d at 162 (to survive dismissal, a complaint "must possess enough heft to set forth a plausible entitlement to relief" (quotations omitted)).

This more stringent standard was recently confirmed and elaborated on by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 1949 (2009). The court made it clear that "[f]irst, the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.  The court also made it clear that the *Bell Atl. Corp*. standard applies to all federal civil cases. *Id*. at 1941.  Justice Souter writing for the First Circuit provided further clarification of the "plausibility" requirement, reinforcing that while plausibility is not akin to "probability," more is required than a sheer possibility that a defendant has acted unlawfully.  *Sepulveda-Villarini v. Dept. of Educ. of Puerto Rico*, 628 F.3d 25, 29 (1st Cir. 2010).

In determining a motion to dismiss the court is generally confined to the pleadings. However, a court may consider matters of official records, including documents from prior state court proceedings, without being required to convert a Rule 12(b)(6) motion to a motion for summary judgment. *Giragosian v. Ryan,* 547 F.3d 59, 66 (1st Cir. 2008), *In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 15 (1st Cir. 2003); *Boateng v. InterAmerican University, Inc.,* 210 F.3d 56, 60 (1st Cir. 2000), *cert. denied* 531 U.S. 904. *See also Watterson v. Paige*, 987 F.2d 1, 3-4 (1st Cir. 1993).  Likewise, matters that are appropriate for judicial notice are not outside the pleadings for purposes of determining whether a motion must be converted to one for summary judgment.  *Cruz v. Melecio*, 204 F.3d 14, 21 (1st Cir. 2000); *Rodi v. Southern New England School of Law*, 389 F. 3d 5, 12 (1st Cir. 2004).  Additionally, the court must consider not only the complaint, but documents annexed to it or other materials fairly incorporated within it, which may include documents that are referred to in the complaint, but not attached.  *Id*.  Rule 12 motions based on jurisdictional grounds, may also include consideration of material outside the pleadings without converting the motion to one for summary judgment.  *See Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947); *General Contracting & Trading Co., LCC v. Interval, Inc.*, 899 F.2d 109, 114-115 (1st Cir. 1990).

  B. <u>All Claims Against The State And The Defendants In Their Official Capacity Should Be Dismissed</u>

  The Eleventh Amendment bars state law claims against the State, its agencies or officials acting in their official capacity.  The Eleventh Amendment provides, in relevant part:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State…"  U.S. Const. Amend. XI.  "The Eleventh Amendment forecloses…the application of normal principles of ancillary and pendent jurisdiction where claims are pressed against the State…Neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.  A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Oneida v. Oneida Indian Nation*, 470 U.S. 226, 251 (1985).

  Absent State consent or waiver, or "unmistakably clear" Congressional override, none of which is indicated here, sovereign immunity bars awarding private parties damages which is payable from the State treasury. *See Edelman v. Jordan*, 415 U.S. 651, 668-69 (1974); *Ramirez v. Puerto Rico Fire Service*, 715 F.2d 694, 697 (1st Cir. 1983).  Although the State has waived immunity to tort claims in its own courts, "'a state's waiver of the Eleventh Amendment immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts.'" *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)).  Accordingly, the Plaintiff's claims against the State are barred by the State's sovereign immunity under the Eleventh Amendment of the United States Constitution, and therefore should be dismissed under Fed. R. Civ. P. 12(b)(1). It is also well established that neither states, their agencies, or state officials sued in their official capacities are amenable to suit for damages pursuant to § 1983. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 69 (1997).

-6-

To the extent that plaintiff seeks injunctive relief, the Federal Court Improvement Act of 1996, P.L. 104-317, § 309, expressly bars injunctive relief in any action brought against a judicial officer for an act or omission taken in the officer's judicial capacity. The Senate report regarding this section of the act notes; "This section restores the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in *Pulliam v. Allen*, 466 U.S. 522 (1984)". 42 U.S.C. § 1983, as amended in 1996 by the Federal Courts Improvement Act, explicitly immunizes judicial officers against suits for injunctive relief. The statute now states that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (codified as amended at 42 U.S.C. § 1983 (2000)). *Roth v. King,* 449 F.3d 1272, 1286 (D.C. Cir. 2006). In a case brought by alleged domestic abusers and fathers' rights group against state court trial judges having jurisdiction over domestic-abuse cases, the First Circuit has held that requests for injunctive relief in equal protection claims were barred by Federal Court Improvement Act of 1996, P.L. 104-317, § 309. *Nollet v. Justices of Trial Court of Com. of Massachusetts,* 248 F.3d 1127 (Table), 2000 WL 1803320 (1st Cir. 2000), affirming 83 F.Supp.2d 204 (D. Mass. 2000). Similarly, in an unpublished decision by a sister district court in New York, upheld by the Second Circuit, the court held that the Federal Court Improvement Act of 1996, P.L. 104-317, § 309 barred any injunctive relief. *See Conway v. Garvey*, 117 Fed.Appx. 792, 2004 WL 2786380 (2d Cir. 2004).

Here, it is abundantly clear that all of Mr. Bourne's claims for injunction relate to actions taken by judicial officers in their judicial capacity. Therefore all claims against the State of New

Hampshire, the New Hampshire Supreme Court, and the Supreme Court Justices and Supreme Court Clerk in their official capacities should be dismissed.

  C. <u>All Claims Against The Defendants In Their Individual And Official Capacity Should Be Dismissed Based On Judicial Immunity</u>

Absolute immunity protects judges and their staff from civil liability for judicial acts. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Decker v. Hillsborough County Attorney's Office,* 845 F.2d 17, 21 (1st Cir. 1988). Judicial immunity is firmly and deeply rooted in the traditions of Anglo-American law, reaching back to ancient times. *Francis v. Crafts*, 203 F.2d 809, 811 (1st Cir. 1953). Judges do not lose immunity, even if their actions are erroneous, malicious, in excess of their authority, or disregardful of elementary principles of procedural due process. *Decker,* 845 F.2d at 21. Immunity applies so long as the judge had jurisdiction over the subject matter before him or her. *Id.* In *Brown v. Newberger*, 291 F. 3d 89 (1st Cir. 2002) plaintiffs argued that the court appointed sexual abuse evaluators forfeited whatever absolute judicial immunity they had by violating plaintiffs constitutional rights. The First Circuit rejected that argument stating;

> Another argument made against both defendants is that they sacrificed whatever immunity they may have had by their actions violating plaintiffs' constitutional rights. Here, too, however, *Cok* makes a relevant comment about the nature of judicial immunity and therefore quasi-judicial immunity. We stated there that the entitlement is to "absolute immunity from civil liability for any normal and routine judicial act.... This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive."

*Id.* at 94.

Likewise, judicial immunity has been extended to court employees, and specifically to court clerks, acting in the course of performing duties for the court.

> Judicial immunity extends as well to those who carry out the orders of judges.
> *See, e. g., Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980) (absolute

> immunity for clerks acting in a non-routine manner under instructions from the judge); *Slotnick v. Staviskey*, supra, 560 F.2d at 32 (court clerk enjoys absolute immunity); *Fowler v. Alexander*, 478 F.2d 694, 696 (4th Cir. 1973) (sheriff and jailer confining plaintiff in execution of a court order absolutely immune). Here, the court clerk who filled out Slotnick's commitment papers and the state hospital superintendent responsible for him during his commitment were in all their actions carrying out the official directives of a judge.

*Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980). Likewise, in finding bail commissioners entitled to judicial immunity, this court observed; "Judicial immunity 'extends to other officers of government, whose duties are related to the judicial process.'" *Barr v. Matteo*, 360 U.S. 564, 569, 3 L. Ed. 2d 1434, 79 S. Ct. 1335 (1958). Thus court clerks, *Slotnick v. Garfinkle*, supra, parole board and probation officers, *Sullivan v. Kelleher*, 405 F.2d 486 (1st Cir. 1968), court appointed medical examiners, *Burkes v. Callion*, 433 F.2d 318 (9th Cir. 1970), court reporters, *Stewart v. Minnick*, 409 F.2d 826 (9th Cir. 1969), and others performing quasi-judicial functions have been held absolutely immune from suit." *Thompson v. Sanborn*, 568 F. Supp. 385, 391 (D.N.H. 1983). Similarly, claims for money damages against a marital master for actions taken in his or her role in divorce and custody proceedings have been held entitled to absolute judicial immunity. *Holder v. New Hampshire,* 2006 U.S. Dist. LEXIS 78303. *5 (D.N.H. 2006), citing *Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989) and *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983), *see also Decker v. Hillsborough County Attorney's Office,* 845 F.2d 17, 21 (1st Cir. 1988).

If Bourne were to argue that any judicial defendant is not entitled to judicial immunity because he or she engaged in strictly "ministerial" functions that argument must fail. Determining which appeals to accept in discretionary cases, which cases warrant detailed orders, oral argument, published decisions and which can be dealt with in a more summary fashion, writing orders and interpretation of law are inherently judicial functions, not the type of ministerial duties that have occasionally been found to outside of judicial immunity. *See*

-9-

*Santiago v. Garcia*, 70 F.Supp.2d 84, 91 (D.Puerto Rico 1999) (dismissing a complaint as to a trial judge because his acts were judicial, not "administrative" in nature when he denied a litigant's request for a hearing aid); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (judge's determination regarding court's ability to provide real time video transcription to party who raised by motion his need for assistive device during court proceedings was judicial act); *In re O"Neil*, 159 N.H. 615, 622 (2010) ("…The power of the judiciary to control its own proceedings, the conduct of participants, the actions of officers of the court and the environment of the court is a power absolutely necessary for a court to function effectively and do its job of administering justice." ).  Therefore the individual defendants are entitled to have all claims against them dismissed based on absolute judicial immunity.

        D.        The *Rooker-Feldman* Doctrine Requires Dismissal

Borne indisputably requests that the federal court reverse decisions of the state Superior Court and Supreme Court and seeks damages declaring the actions of the state court invalid. *See* Complt. P. 21-22. The *Rooker-Feldman* doctrine precludes a federal district court from reviewing a final judgment of a state court.  *See Lance v. Dennis*, 546 U.S. 459, 463 (2006) (under *Rooker-Feldman* doctrine, federal district courts are precluded from exercising appellate jurisdiction over final state-court judgments); *Rooker*, 263 U.S. at 416.  The *Rooker-Feldman* doctrine applies only in limited circumstances, to cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment."  *Galibois v. Fisher*, 174 Fed. Appx. 579, 580 (1st Cir. 2006) (citing *Lance*, 546 U.S. at 464-65 and *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 291 (2005)), *see also Silva v. Massachusetts*, 351 Fed. Appx. 450, 455 (1st Cir. Mass. 2009), *Davison v. Govt of Puerto Rico*, 471 F.3d 220,222-223

(1st Cir 2006). *Rooker-Feldman* further forecloses federal court jurisdiction over claims that are inextricably intertwined with the claims adjudicated in a state court proceeding. *See Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009). "A federal claim is inextricably intertwined with the state court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Sheehan v. Marr*, 207 F.3d 35, 40 (1st Cir. 2000) (quoting *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999)); *see Miller,* 586 F.3d at 59 (*Rooker-Feldman* bars jurisdiction where parties who lost in state court seek review and rejection of state court judgment on legal grounds not actually litigated in state court).

Once a state court issues a final judgment, a federal district court lacks jurisdiction to review the decision even if the state court judgment is patently wrong or was entered following patently unconstitutional proceedings. *See Feldman*, 460 U.S. at 486. Thus, a litigant may not seek to reverse a final state court judgment simply by recasting his complaint in the form of a civil rights action. *See Fortune v. Mulherrin*, 533 F.2d 21, 22 (1st Cir. 1976); *see also Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir.1993).

Here, in the New Hampshire Supreme Court, Bourne sought on multiple occasions to reverse some aspect of superior court orders. He has attached the Supreme Court orders and the Superior Court orders that he complains of as Exhibits A – E to his complaint. The only recourse for a litigant in the state courts who is unhappy with the decisions of the state court is to pursue his appeal through the state appellate process, and then through a writ of certiorari to the United States Supreme Court. *See Miller,* 586 F.3d at 59 ("Only the Supreme Court of the United States may invalidate state court civil judgments."). In other words, a party is barred from seeking appellate review of a state court decision in the federal district court. *See Lance*,

546 U.S. at 464; *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *Miller,* 586 F.3d at 59. Therefore Mr. Bourne's claims as to all individual defendants must be dismissed.

  E. <u>Plaintiff's Complaint Fails As Its Conclusory Allegations Are Insufficient To State A Claim Under *Twombly* And *Iqbal*</u>

Motions to dismiss may be brought under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's conclusory allegations that no one read his pleadings, that there is bias against pro se plaintiffs, favoritism to a Town as opposed to an out of state resident or any basis for a judge to be required to recuse him or herself are unsupported by any fact.

While a complaint by a *pro se* litigant is held to a less stringent standard than one drafted by a lawyer, the right to self-representation does not confer immunity from compliance with relevant rules of procedural and substantive law. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985); *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994), *see also Taal v. Zwirner*, 2003 DNH 034. There are no facts alleged to support the bald legal conclusions that New Hampshire courts have trampled on Mr. Bourne's rights or that there is a history of discriminatory conduct. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. Therefore the conclusory allegations in this pleading are insufficient to support a plausible inference that any of Mr. Bourne's civil rights have been violated. Likewise, as a pro se litigant, Bourne cannot assert rights of others and his request for a declaratory ruling "prohibiting Defendants from any further deprivation of Constitutional Rights to all who come before them" (Complt. p. 22) is unsupported by any factual basis.

  F. <u>Plaintiff's State Law Claims Should Be Dismissed</u>

Plaintiff's complaint contains counts entitled negligence and fraudulent representation. *See* Complt. Count II and III. While the federal court most frequently declines to exercise supplemental jurisdiction over pendant state law claim if all federal claims are dismissed, Defendants respectfully request that in the interests of judicial economy, so that a decision on the merits of these claims will be made, the court also address the state law claims. As to the state law claims, they are also barred by judicial immunity. It is the rule in New Hampshire that "all judicial officers when acting on subjects within their jurisdiction are exempted from civil prosecution for their acts." *Moore v. Cotton,* 94 N.H. 387, 388 (1947); *citing Evans v. Foster*, 1 N.H. 374, 377 (1819), *see also Surprenant v. Mulcrone,* 163 N.H. 529 (2012). Further, this exemption extends to "[T]he acts and conduct of all public officers in the exercise of their judicial authority." *Id.* 94 N.H. at 388. Therefore Plaintiff's claims for state law tort are also barred and should be dismissed.

To the extent that the plaintiff complains that the state is somehow at fault for allowing judges' unbridled discretion to decide cases, Mr. Bourne's complaint fails to state a cause of action. Rather, the system of appointment of judges, separation of powers between the branches of government and limitations on removal of judges by impeachment only are enshrined in the state constitution. For example, the legislature cannot award a new trial in an action which has been decided in a court of law. *Merrill v. Sherburne,* 1 N.H. 199, 217 (1818). There is simply no basis for a state or a federal claim holding a state responsible in tort for damages for a state court decision, no matter how strenuously a litigant disagrees with the judge's ruling.

### III.   CONCLUSION

For the reasons stated herein, the Complaint should be dismissed in its entirety against all Defendants.

Respectfully submitted,

STATE OF NEW HAMPSHIRE, N.H. SUPREME COURT, HONORABLE LINDA DALIANIS, HONORABLE JAMES DUGGAN, HONORABLE GARY HICKS, HONORABLE CAROL ANN CONBOY, HONORABLE ROBERT LYNN AND EILEEN FOX, SUPREME COURT CLERK

By their attorney,

MICHAEL A. DELANEY
ATTORNEY GENERAL

Date:   July 19, 2012         /s/ Nancy J. Smith_____
                              Nancy J. Smith
                              NH Bar No. 9085
                              Senior Assistant Attorney General
                              New Hampshire Attorney General's Office
                              33 Capitol Street
                              Concord, New Hampshire 03301-6397
                              Telephone:  (603) 271-3650
                              Email:  nancy.smith@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following persons on this date and in the manner specified herein:  Conventionally served by first class mail to Samuel Bourne, pro se, 117 Pond Street, East Bridgewater, MA 02333.

Date:  July 19, 2012

                                  /s/ Nancy J. Smith_____
                                  Nancy J. Smith
                                  NH Bar #  9085

783595.njs