UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SAMUEL J. BOURNE,
        Plaintiff                                   Docket No. 12-cv-251-JL

v.

STATE OF NEW HAMPSHIRE,
SUPREME COURT OF NEW HAMPSHIRE,
LINDA STEWART DALIANIS individually,
JAMES E. DUGGAN individually,
GARY E. HICKS individually,
CAROL ANN CONBOY individually,
ROBERT J. LYNN individually, and
EILEEN FOX individually,

        Defendants

## MEMORANDUM OF LAW IN SUPORT OF MOTION FOR RECUSAL AND CHANGE OF VENUE

Now Comes the Plaintiff Mr. Bourne and respectfully submits this Memorandum of law in support of *Recusal* of Justice Joseph LaPlante, and *other[s]*, due to known conflicts of interest. In addition, in light of the factual history of known conflicts of interest, the Plaintiff further request a *Change of Venue* in order to provide a [fair] hearing before an [impartial] tribunal, and the Plaintiff states as follows:

First and foremost, the Plaintiff's Constitutional Rights guaranteed by the First and Fourteenth Amendment provide Mr. Bourne the right to present his case and to be heard by an impartial Judge and/or Jury. As such, the Plaintiff does not intend or imply any disrespect what-so-ever, but because of the many known conflicts of interest, impartiality might reasonably be questioned.

1

**Factual Background**

It is known that Justice LaPlante was previously employed by the Defendants at the NH Attorney General's Office from 1993-1998. It is known that Magistrate McCafferty was previously employed by the Defendants at the NH Attorney Discipline Office from 2004-2010. It is also known that Justice Declarico was employed by Defendants as an Assistant NH Attorney General from 1970-1977, and then employed at the NH Superior Court from 1978-1992. It is known that Justice McAuliffe was employed by the Defendants as an Assistant NH Attorney General. And, it is also known that Justice Barbadoro was previously employed by the Defendants as an Assistant NH Attorney General from 1980-1984, and as counsel for NH Senator Warren Rudman from 1984 to 1986. In addition, [others] currently employed by this Court who also may have a direct association with the Defendants herein creates more conflict. As such, impartiality might reasonably be questioned.

It is also known that Defendant "Carol Ann Conboy" clerked for Judge Shane Devine at this NH Federal District Court, just before Justice Barbadoro took Justice Devine's seat on the bench. As such, a conflict of interest does in fact exist with current Court employees, staff, and justices, therefore requiring Change of Venue.

**Standard of Review**

If any such member Justice of this NH Federal Court were allowed to preside over the instant action, then His or Her impartiality would reasonably be questioned.
Disqualification and/or recusal is mandatory Pursuant to 28 U.S.C. 455, which provides that:
(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:

2

(1) Where he has a personal bias or prejudice concerning a party, or (*personal knowledge of disputed evidentiary facts concerning the proceeding*);

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any *other interest* that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: (i) Is a party to the proceeding, or an officer, director, or trustee of a party; (ii) Is acting as a lawyer in the proceeding; (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

(d) For the purposes of this section the following words or phrases shall have the meaning indicated: (1) "proceeding" includes pretrial, trial, appellate review, or

3

other stages of litigation; (2) the degree of *relationship* is calculated according to the civil law system; (3) "fiduciary" includes such *relationships* as executor, administrator, trustee, and guardian; (4) "financial interest" means ownership of a legal or equitable interest, however small, or a *relationship* as director, adviser, or other active participant in the affairs of a party, except that: (i) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund; (ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization; (iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest; (iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(e) No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

(f) Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (*other than an interest that could be substantially affected by the outcome*), disqualification is

not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

The Court justices, and known employees thereof, have an obligation to disclose *their* conflicts of interest. The facts, as stated, clearly satisfy the standards of the statute since any reasonable person, apprised of these circumstances, would reasonably question the Court's impartiality. See *Liteky v. United States,* 510 U.S. 540, 114 S. Ct. 1147,127 L. Ed. 2d 474 (1994). The guarantee of an independent, impartial judiciary enables society to 'withdraw certain subjects from the vicissitudes of political controversy, to place them beyond the reach of majorities and officials and to establish them as legal principles to be applied by the courts.' *West Virginia Bd of Ed v. Barnette,* 319 U.S. 624, 638 (1943). 'Without this, all the reservations of particular rights or privileges would amount to nothing.' The Federalist No. 78, p. 466 (C. Rossiter ed. 1961).

In *Liljeberg v. Health Services Acquisition Corp.,*486 U.S. 847 (1988)""A violation of § 455(a) --which requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned -- is established when a reasonable person, knowing the relevant facts, would expect that a judge knew of circumstances creating an appearance of partiality, notwithstanding a finding that the judge was not actually conscious of those circumstances .... his reading of § 455(a) does not require judges to perform the impossible by disqualifying themselves based on facts they *do not know,* since, improper cases, the provision can be applied retroactively to rectify an oversight once the judge concludes that 'his impartiality might reasonably be questioned."*(emph. Added)* But here, there is no question, the conflicts of interest are known, and specifically do exist. Therefore, requiring recusal.

5

In *Nevada Commission on Ethics v. Carrigan,* 131 S.Ct. 2343 (2011), the United States Supreme Court clarified that: "Federal conflict-of-interest rules applicable to judges also date back to the founding. In 1792, Congress passed a law requiring district court judges to recuse themselves if they had a personal interest in a suit or had been counsel to a party appearing before them. Act of May 8, 1792, ch. 36, § 11, 1 Stat. 278-279. In 1821, Congress expanded these bases for recusal to include situations in which 'the judge ... *is so related to, or connected with, either party, as to render it improper for him, in his opinion, to sit on the trial of* [131 S. Ct. 2349] *such suit.*' Act of March 3, 1821, ch. 51, 3 Stat. 643.

The statute was again expanded in 1911, to make any 'personal bias or prejudice' a basis for recusal. Act of March 3, 1911, §21, 36 Stat. 1090. The current version, which retains much of the 1911 version's language, is codified at 28 U.S.C. §144. *See generally Liteky v. United States,* 510 U.S. 540, 544, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); Frank, Disqualification of Judges, 56 Yale L. J. 605, 626-630 (1947)"

The plain language of 28 U.S.C. 455:(a) provides that Any justice, judge, or magistrate judge of the United States shall disqualify him or herself in any proceeding in which his impartiality might reasonably be questioned. The facts, as stated herein, clearly satisfy the standards of the statute since any reasonable person, apprised of these circumstances, would reasonably question the Court's impartiality. See *Liteky v. United States,* 510 U.S. 540, 114 S.Ct. 1147,127 L.Ed. 2d 474 (1994). Any objective observer would be compelled to conclude that NH Federal Court Justice Laplante, Magistrate McCafferty, Justice Declarico, Justice Barbadoro and many [others] employed by this Court, that their impartiality would be questioned. Especially, where each named justice[s] have in fact been employed by the Defendants, Defendant's counsel, and/or have a direct related association. These facts more than satisfy Section 455(a) which

6

mandates recusal merely when a Court's impartiality "might reasonably be questioned." Further, 28 U.S.C. 455 (b) provides that He or She shall also disqualify him or herself in the following circumstances: He knows that he or she, individually or as a fiduciary ... has a financial interest in the subject matter in controversy or in a party to the proceeding, or *any other interest* that could be substantially affected by the outcome of the proceeding; [...].

A number of States, by common-law rule, have long required recusal of public officials with a conflict. *See, e.g., In re Nashua,* 12 N.H. 425,430 (1841) ("If one of the commissioners be interested, he shall not serve"); *Commissioners' Court* v~ *Tarver,* 25 Ala. 480, 481 (1854) ("If any member ... has a peculiar, personal interest, such member would be disqualified"); *Stubbs v. Florida State Finance Co.,* 118 Fla. 450, 451, 159 So. 527, 528 (1935) ("[A] public official cannot legally participate in his official capacity in the decision of a question in which he is personally and adversely interested"). Especially, where known conflicts of interest have been established.

The new section 455(a) replaced the subjective standard of the 1948 statute with an objective standard. It is no longer the case that a judge should recuse where "in his opinion" sitting would be improper, but rather where his or her impartiality "might reasonably be questioned." Also, section 455(b) spells out certain situations in which *partiality is presumed* and recusal is required.

Judges should keep in mind that sections 455(a) and (b) provide separate (though substantially overlapping) bases for recusal. The former deals exclusively with the appearance of partiality in any circumstance, whereas the latter pertains to conflicts of interest in specific instances. Thus, the existence of the facts listed in section 455(b) requires recusal, even if the judge believes they do not create an appearance of impropriety. Any circumstance in which a

7

judge's impartiality might reasonably be questioned, whether or not touched on in section 455(b), requires recusal under section 455(a).

Disqualification Based on Question of Partiality: Section 455(a)

Standard for applying when Congress amended section 455(a), it made clear that judges should apply an objective standard in determining whether to recuse. A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case. The statute *requires* recusal in any case "in which [the judge's] impartiality might reasonably be questioned." Because of that language, every circuit has adopted some version of the "reasonable person" standard.

**Conclusion**

For these reasons stated above, the Plaintiff Mr. Bourne respectfully request this Honorable Court to recuse Justice LaPlante, Magistrate McCafferty, and [any other] justice[s] with *known* conflicts of interest from hearing or reviewing any proceedings in the above captioned matter. Such recusal would incorporate all NH Federal District Court employees who have known direct ties with the Defendants, whether or not, those direct ties included prior employment, or other direct association.

In light of the necessity for Recusal, and Change of Venue, the Plaintiff respectfully request this Court to consider the change of venue to the Federal District of Rhode Island (first), the Federal District Court of Maine (second), and the Federal District Court of Massachusetts (third).

But, in any event, recusal is required under Cannon 3 (c) (1) of the Code of Conduct for the United States Judges requires a judge to disqualify himself from any case *"in which the judge's impartiality might reasonably be questioned."* Under this test, a judge ordinarily must

8

disqualify him or herself if a reasonable person, knowledgeable of the relevant facts, would have reason to question the judge's impartiality.

**WHEREFORE**, based upon the forgoing, the Plaintiff respectfully requests this Court to recuse itself from reviewing any and/or all such proceedings in the above-captioned matter, and that this case be transferred to an impartial Court.

Respectfully Submitted,

*/s/ Samuel Bourne*
Samuel Bourne individually,
117 Pond Street
East Bridgewater, MA 02333
508-378-9319

July 23, 2012

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded via U.S. First Class Mail, postage prepaid, to counsel for the Defendant[s], Michael A. Delaney Attorney General of N.H., and Nancy J. Smith Senior Assistant Attorney General of N.H., 33 Capital Street Concord, N.H. 03301

*/s/ Samuel Bourne*