UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Samuel Bourne, | \* |
|     Plaintiff | \* |
| | \* |
|     v. | \*   12-cv-251-JL |
| State of New Hampshire, Supreme | \* |
|  Court of New Hampshire, Honorable Linda | \* |
|  Dalianis, Honorable James Duggan, | \* |
|  Honorable Gary Hicks, Honorable Carol Ann | \* |
|  Conboy, Honorable Robert Lynn | \* |
|  and Eileen Fox, Supreme Court Clerk | \* |
|     Defendants | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION TO RECUSE AND CHANGE OF VENUE**

The Defendant(s), State of New Hampshire, Supreme Court of New Hampshire, Honorable Linda Dalianis, Honorable James Duggan, Honorable Gary Hicks, Honorable Carol Ann Conboy, Honorable Robert Lynn and Eileen Fox, Supreme Court Clerk, by and through counsel, the Office of the Attorney General object to plaintiff's motion to recuse and for change of venue as follows.

**I.   ARGUMENT**

Plaintiff cites 28 U.S.C. § 455 in support of his claim that all of the judges, the magistrate and court staff in the New Hampshire federal district court should be required to recuse themselves. At bottom the only facts on which he bases this allegation is the fact that at some time in the distant past the judges were employed by the New Hampshire Department of Justice (NHDOJ) or had some other employment relation to state government.  For example, Judge LaPlante's employment with the NHDOJ ended in

1998, approximately 15 years ago. All of the other judges' employment with state government is over 20 years in the past. Even if these past employment relationships are considered, as with Magistrate McCafferty's more recent former employment with the New Hampshire Attorney Discipline office, it fails to establish any basis for recusal. Bourne makes no allegations that demonstrate actual bias or prejudice, or any prior relationship to his cases in the state court.

Bourne does not specify which provision of 28 U.S.C. § 455 he is relying on. While the impartiality language of section 455(a) does not require that bias or prejudice in fact be established, there is no presumption of partiality. Recusal is proper only "when objective appearances provide a factual basis to doubt impartiality, even though the judge himself may subjectively be confident of his ability to be evenhanded." *Blizard v. Frechette,* 601 F.2d 1217, 1220 (1st Cir. 1979). As discussed in *Liteky v. United States,* 510 U.S. 540 (1994), "Section 455(a) is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have a reasonable grounds to question the neutral and objective character of the judge's rulings or findings. . . ." *Id.* at 557-58 (Kennedy, J., concurring).

Here, plaintiff has pointed to nothing that satisfies this objective standard. To the extent that he relies on the judges' prior employment relationships, that is simply inadequate. Giving litigants the ability to disqualify a judge simply because they worked for government in the past is not the intent of the recusal statute. As another United States District Court has recently noted; "'[S]ection 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.' *United States v. Cooley,*

1 F.3d 985, 993 (10th Cir.1993) (quotation marks omitted)." *Buckenberger v. Reed*, 2010 WL 3523021 (E.D.La. 2010) (unpublished).  As the judge in *Buckenberger* also noted, not even prior rulings adverse to the plaintiff satisfy this objective standard. "The basis for his motion for recusal is that I have issued orders which were adverse to him. That is insufficient." *Id.*  The Fifth Circuit has noted: "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Instead, the judge's rulings should constitute grounds for appeal, not for recusal." *United States v. Landerman,* 109 F.3d 1053, 1066 (5th Cir.1997) (internal quotation marks and citation omitted).

A district court in Massachusetts recently explained the longstanding rules regarding recusal based on prior government employment in declining to recuse himself from a criminal prosecution.

> Under § 455(b)(3), a judge must recuse himself "[w]here he has served in government employment and in such capacity participated as counsel, advisor or material witness concerning the merits of the particular case in controversy." Here, there is no allegation by defendant (nor could there be) that as an Assistant United States Attorney (AUSA), I was involved in the prosecution of any case in which he was a subject or target. See United States v. Di Pasquale, 864 F.2d 271, 279 (3d Cir. 1988) (the statute requires "a [4] specific showing that the judge was previously involved with a case while in the U.S. Attorney's office that he or she is later assigned to preside over as a judge") (emphasis in original).

*United States v. Bulger*, 2012 U.S. Dist. LEXIS 98471, 3-4 (D. Mass. July 17, 2012).

To the extent that Mr. Bourne argues that simply any allegation of a prior relationship is enough to cause a reasonable person to question impartiality, that broad brush reading of § 455(a) must be rejected. "No permissible reading of subsection 455(a) would suggest that Congress intended to allow a litigant to compel disqualification simply on unfounded innuendo concerning the possible partiality of the presiding judge. Indeed, "[a] trial judge must hear cases unless some reasonable factual basis to doubt the

impartiality of the tribunal is shown by some kind of probative evidence." *El Fenix de Puerto Rico v. M/Y JOHANNY*, 36 F.3d 136, 140 (1st Cir. 1994), quoting *Blizard v. Frechette*, 601 F.2d 1217, 1221 (1st Cir. 1979)" *United States v. Bulger*, 2012 U.S. Dist. LEXIS 98471, 7 (D. Mass. July 17, 2012).

Mr. Bourne has made no argument as to why a change in venue would be required in this case, other than his attempt to disqualify the entire New Hampshire federal bench. As there is no basis for his request to recuse, his request for change in venue does not require any further argument.

WHEREFORE, Defendants respectfully request that the court order as follows:

A. That the plaintiff's motion to recuse and for change of venue be denied;

B. For such other and further relief as is just and necessary.

Respectfully submitted,

STATE OF NEW HAMPSHIRE, N.H. SUPREME COURT, HONORABLE LINDA DALIANIS, HONORABLE JAMES DUGGAN, HONORABLE GARY HICKS, HONORABLE CAROL ANN CONBOY, HONORABLE ROBERT LYNN AND EILEEN FOX, SUPREME COURT CLERK

By their attorney,

MICHAEL A. DELANEY
ATTORNEY GENERAL

Date: July 27, 2012         /s/ Nancy J. Smith_____
Nancy J. Smith, NH Bar No. 9085
Senior Assistant Attorney General
New Hampshire Attorney General's Office
33 Capitol Street
Concord, New Hampshire 03301-6397
Telephone: (603) 271-3650

Email: nancy.smith@doj.nh.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served on the following persons on this date and in the manner specified herein:  Conventionally served by first class mail to Samuel Bourne, pro se, 117 Pond Street, East Bridgewater, MA 02333.

Date:  July 27, 2012

                                        ___/s/ Nancy J. Smith_____
                                        Nancy J. Smith
                                        NH Bar #  9085