# EXHIBIT-5

STATE OF NEW HAMPSHIRE

CARROLL, SS
Docket Nr. 03-E-061
Docket Nr. 03-E-114
Docket Nr. 03-E-144

SUPERIOR COURT
March 22, 2004

Samuel J. Bourne, Trustee, Bedrock Realty Trust

V.

Town of Madison

## AFFIDAVIT OF ROBERT D. KING

NOW COMES Robert D. King, resident of the Town of Madison, County of Carroll, State of New Hampshire, with a mailing address of 68 Westview Drive, Madison, New Hampshire 03849-5477, and, under oath, makes the following statement of his own free will:

1.  In March 1998, the Madison Annual Town Meeting created a five member Class VI Roads Study Committee.

2.  The Committee was assigned to comprehensively research and document a complete list of the Town's Class VI roads.

3.  I was authorized by the Committee to investigate, research, and document the Town's Class VI roads, and to present the results for its review and approval. Other members of the Committee physically examined the roads and helped me with gathering evidence.

4.  In March 1999, 2000 and 2001, the Committee published reports on its advisory findings and recommendations regarding the Class VI roads in



Madison, including a recommendation that the Town recognize and place on the town tax maps the Solomon Harmon road as a Class VI road.

5. At the March 2000 Madison Annual Town Meeting, the Committee's advisory reports and recommendations were accepted for implementation by Warrant Article 21, which was so moved by Henry Forrest, the chairman of the Class VI Roads Study Committee, seconded by myself, and ultimately approved through an affirmative vote by the townspeople.

6. I personally drafted the Committee's Solomon Harmon road report for review and approval by the Committee, including revisions, and this undertaking entailed many hours of documentary and field research.

7. My review included the Kelsey Easement (*Plaintiff's Exhibit 1*) and the McNair Conservation Easement (*Plaintiff's Exhibit 5*) as well as the following exhibits that are attached hereto and which are exact copies of the same:

   A. Town of Madison tax map #6, Lot #19. ← (ALTERED)

   B. March 1998, Madison Annual Town Meeting minutes.

   C. March 2000, report of the Roads Committee published in the 1999 Town Annual Report.

   D. Roads Committee final report on Solomon Harmon Road, dated November 18, 1999.

   E. March 2000, Madison Annual Town Meeting minutes.

  F. 1978 James Easement as described in Deed of George and Gunilla James to Patrick and Patricia Kelsey, recorded in the Carroll County Registry of Deeds at Book 726, Page 422.

  G. 1855 Deed of Solomon Harmon homestead farm to Ami Kennett, *NO ROAD* describing east half of Range Lot 84 SD, recorded in the Carroll County Registry of Deeds at Book 28, Page 173.

  H. Hersey's 1782 survey of range lots with modern roads and railroads superimposed by NHDOT surveyors, 1962. *NO ROAD*

  I. Page 35 of Eaton Town Clerk's Record describing Highway District 3 in 1848. *NO ROAD*

→   J. 1860 Herbert Weston map of roads and cellar holes in Madison, NH. ←

Further the affiant sayeth not.

_____  _____
Witness               Robert D. King


**STATE OF NEW HAMPSHIRE**
**COUNTY OF CARROLL, SS.**

On this 22nd day of March 2004, Robert D. King personally appeared before me and acknowledged that the foregoing is true to the best of his knowledge and belief.

_____
Notary Public/Justice of the Peace

My Commission expires: _____

PAUL W MULLEN
Justice of the Peace - New Hampshire
My Commission Expires February 6, 2007



| | |
|---|---|
| Date: | Friday, February 24, 2006 6:34 PM |
| From: | R. D. King <rdkingx2@earthlink.net> |
| To: | Stephen Jones, SOSSC <watsonhilltop@adelphia.net>, David Charrette <CHARRETTEFLOOR@aol.com> |
| Cc: | Fred Watson <watsonnh@msn.com>, Gary R. Williams <willies@ncia.net> |
| Subject: | Possible meeting in early April regarding the Bourne Case |

CONFIDENTIAL TO PRESIDENT STEVE JONES & TRAIL ADMINISTRATOR DAVID CHARRETTE OF SOSSC:
   This is to give you a "heads up" on a possible meeting that you'll be asked to attend shortly after Town Counsel Randy Cooper returns from his long vacation on April 1.
   I have asked the Madison Selectmen to arrange a non-public meeting between them, the town Counsel, the President of SOSSC, and the SOSSC Trailmaster at the earliest opportunity after Randy returns, which might be Tuesday, April 4, either just before or just after the regular Selectmen's meeting in the late afternoon of that date.
   It would be good if you'd put that tentative appointment on your calendars.
   Sooner or later, you can expect to receive a confirmation of this meeting directly from the Selectmen.
   The purpose of this meeting would be to discuss the snowmobile aspects of the Bourne case, which was postponed from February 13 to some later date after Randy's return. It could possibly be scheduled for very soon after Randy's return.
   More specifically, at the pretrial hearing on February 1, Randy told the judge that this case boils down to the single issue of whether snowmobiles have a right to use the Kelsey easement to access the McNair parcel and Bald Ledge from the north. The basis of this issue is that the 1976 McNair Public Recreation Easement specifies that snowmobiles are allowed "only on existing trails." In turn, the Kelsey easement (which allows the public to get from Solomon Harmon's ruins to the Bourne parcel's south boundary) imposes a restriction against "motorized recreational vehicles," but at the same time allows "other uses as permitted by the McNair easement." Hence snowmobiles are allowed on the Kelsey easement only if that snowmobile route was in use at the time the McNair easement was signed in December 1976.
   The problem at hand is to prove to the judge that in December 1976, snowmobiles were already using, on a customary basis, the route described in the Kelsey easement, which is essentially the route being used today. Proving this will require credible testimony from credible witnesses who were active snowmobilers that long ago. Trail map evidence would also be critical to such proof.
→   On the other side, we know from <u>certain old records</u> that Kelsey was quite adverse to snowmobiles on his property, and he is listed as one of Bourne's witnesses. Kelsey now lives in Florida. If he were to testify that snowmobiles were not using that route through his land in 1976, we'd have a tough time overcoming that testimony.
   While the Town has a very powerful case to defend the old town road running from Cyr's place to Solomon's ruins, and while the Kelsey easement is similarly secure, the right of snowmobiles to use this route is tenuous. Proving it will be a crap-shoot.
   Accordingly, it is appropriate to see if we can use the leverage of the lawsuit to secure an alternate snowmobile route through Bourne's property. We would be in a far better position to secure such a route as part of a settlement that we would if we lost this issue at trial.
   At the meeting in April, you should be prepared to discuss possible alternative routes that follow a different course through Bourne's property. A route, for instance, that skirts well to the east of Bourne's cottage, even though it enters and leaves his property at the same wall openings that are being used today. Bear in mind we're talking only about a snowmobile trail relocation, not a relocation of the existing public roadway.
   Another thing to bear in mind is that the Selectmen must follow a directive from the 2000 Town Meeting to resolutely defend the Town's documented Class VI roads. They are intent on doing this. However, the 2000 directive does not require them to defend specific snowmobile routes. Indeed, the Town's taxpayers and voters will likely be very upset if the Selectmen were to spend tens of thousands of dollars defending a snowmobile trail that could just as well have followed a different route.
   Between now and early April, I hope you will investigate the terrain and see if you can find a satisfactory alternative route across Bourne's parcel. My own sense is that you'll be able to find a route that will require tree-cutting, but no bridgebuilding, filling, or excavation.
   One thing you won't want to see happen is for this lawsuit to be settled without your input.
   Please keep in touch.

                                                                    Bob King

Copyright © 2009 Road Runner Holding Co. LLC  |  Advertise with Us  |  Web Privacy Policy  |  Privacy Policy  |  Sign Up for Road Runner

http://webmail.roadrunner.com/do/mail/message/preview?msgId=sos+clubDELIM1119&l...  5/21/2009

