UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2012 AUG -6  P 1: 16

SAMUEL J. BOURNE,
        Plaintiff

Docket No. 12-cv-251-JL

v.

STATE OF NEW HAMPSHIRE,
SUPREME COURT OF NEW HAMPSHIRE,
LINDA STEWART DALIANIS individually,
JAMES E. DUGGAN individually,
GARY E. HICKS individually,
CAROL ANN CONBOY individually,
ROBERT J. LYNN individually, and
EILEEN FOX individually,

        Defendants

### Supplement to Plaintiff's MOTION FOR RECUSAL AND CHANGE OF VENUE

Now Comes the Plaintiff Mr. Bourne and respectfully submit [new] evidence that further supports the Plaintiff's pending motion, and the Plaintiff states as follows:

1.      The Plaintiff recently discovered additional information that further demonstrates known conflicts of interest do in fact exist, which would lead a reasonable person to question the impartiality of the presiding justice[s]. For example, it is now known that Honorable Joseph Laplante worked at the same law firm as Defendant Gary Hicks, also while Mr. Hicks was in fact a partner at such time. It is also known that Defendant Hicks spoke during the swearing-in of Justice Laplante. It is also known that previous NH Attorney General, and now NH Senator Kelly Ayotte also spoke at the same swearing-in of Justice Laplante. Therefore, confirming direct ties to the Defendants, and requiring recusal under 28 U.S.C. 455.

2.     The basis for recusal and change of venue are directly related to the probability of actual bias, especially where it is known that the conflicts of interest do in fact exist. Any failure to recuse would violate the Plaintiff's constitutional due process rights. In other words, it does not matter what Justice Laplante thinks of his own potential for bias; the key point here is whether the appearance of impartiality would be compromised. Applying *Withrow* v. *Larkin*, 421 U. S. 35, 47 (1975). When those due process precedents are applied properly to the circumstances herein, it would then in fact require recusal. For further support, the Plaintiff includes herein, the New Hampshire Bar news posted on Jan 18, 2008 that outlines the direct conflict of interest. For the Court's convenience said news article is attached hereto as Exhibit A.

Respectfully Submitted,

*/s/ Samuel Bourne*

Samuel Bourne individually,
117 Pond Street
East Bridgewater, MA 02333
508-378-9319

Aug 3, 2012

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded via U.S. First Class Mail, postage prepaid, to counsel for the Defendant[s], Michael A. Delaney Attorney General of N.H., and Nancy J. Smith Senior Assistant Attorney General of N.H., 33 Capital Street Concord, N.H. 03301

*/s/ Samuel Bourne*

2