UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SAMUEL J. BOURNE,
        Plaintiff                                              Docket No.  12-cv-251-PB

v.

STATE OF NEW HAMPSHIRE,
SUPREME COURT OF NEW HAMPSHIRE,
LINDA STEWART DALIANIS individually,
JAMES E. DUGGAN individually,
GARY E. HICKS individually,
CAROL ANN CONBOY individually,
ROBERT J. LYNN individually, and
EILEEN FOX individually,

        Defendants

## 2nd Supplement to Plaintiff's MOTION FOR RECUSAL AND CHANGE OF VENUE

Now Comes the Plaintiff Mr. Bourne and respectfully submit this [2nd] supplement to the pending motion for recusal and change of venue, due to this Court's **"ping pong"** Judge designation, and latest designation of **Judge Barbadoro**, and the Plaintiff states as follows:

Background

On or about Aug 22, 2012 Judge Laplante ordered that Magistrate McCafferty was designated to review the pending motion[s]: motion for recusal and change of venue; motion to dismiss; and motion to strike. See (court order no. 11). Then without any official recusal, or documented notice, Magistrate McCafferty sent this case back to Judge Laplante. Now on Aug 30, 2012 Judge Laplante finally recused himself and requested the Clerk to Re-assign this matter. See (court order no. 13). Also on Aug 30, 2012 this Court in error Re-assigned this case to Judge Paul J. Barbadoro, thereby ignoring Judge Barbadoro's known conflicts of interest, and previous

1

record of bias toward the Plaintiff. See (Civil Action No. 09-CV-270-PB) and subsequent appeal (First Circuit No. 12-1001). See also first circuit notice of appeal issues attached hereto as Exhibit 1.

The Court should also note that all disputes between Mr. Bourne and Laconia Savings, Bank and Stewart Title Co., were in fact reasonably resolved, and specifically settled without any assistance of this Court. Shortly thereafter the parties agreed to dismiss the appeal. See (docket 09-cv-270) (document no. 159).

### Judge Barbadoro's known Conflict[s] of interest require Recusal

The Plaintiff has discovered additional information that further demonstrates known conflicts of interest do in fact exist, which would lead a reasonable person to question the impartiality of the Judge Barbadoro. For example, it is known that Judge Barbadoro was previously employed by the Defendants herein at the NH Attorney General's Office. Therefore, confirming direct ties to the Defendants, and requiring recusal under 28 U.S.C. 455.

The basis for recusal and change of venue are directly related to the probability of actual bias, especially where it is known that the conflicts of interest do in fact exist. Any failure to recuse would violate the Plaintiff's constitutional due process rights. In other words, it does not matter what Judge Barbadoro thinks of his own potential for bias; the key point here is whether the appearance of impartiality would be compromised. Applying *Withrow v. Larkin*, 421 U. S. 35, 47 (1975). When those due process precedents are applied properly to the circumstances herein, it would then in fact require recusal. For further support, it has also been discovered that Judge Barbadoro's political ventures have specifically included direct ties to the Defendant State of New Hampshire's Governor John Lynch as demonstrated by a recent photo, as said photo speaks for itself, and is attached hereto as Exhibit 2. In addition, if a Juror was known to

2

associate with a defendant, then that Juror would in fact be excused, as evidenced by said photo in exhibit 2.

This Court's justices, and other known employees thereof, have an obligation to disclose *their* conflicts of interest. The facts, as stated, clearly satisfy the standards of the statute (28 U.S.C. 455), since any reasonable person, apprised of these circumstances, would reasonably question the Court's impartiality. But, in any event, Judge Barbadoro's recusal would also be required under Cannon 3 (c) (1) of the Code of Conduct for the United States Judges, which requires a judge to disqualify himself from any case *"in which the judge's impartiality might reasonably be questioned."* Under this test, a judge ordinarily must disqualify him or herself if a reasonable person, knowledgeable of the relevant facts, would have reason to question the judge's impartiality.

In Conclusion

Because the record demonstrates Magistrate McCafferty un-officially recused herself, and Judge Laplante officially recused himself, there still remains a question of; (whether or not) a *"Motion to recuse by petition for a writ of mandamus"* before the First Circuit Court of Appeals will be necessary to compel Judge Barbadoro to recuse himself due to known conflicts of interest. As such, the Plaintiff will patiently await further notice from this Court, <u>for approximately ten days,</u> before submitting any other motions for such further relief.

Respectfully Submitted,

*/s/ Samuel Bourne*

Samuel Bourne individually,
117 Pond Street
East Bridgewater, MA 02333
508-378-9319

Sep 3, 2012

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded via U.S. First Class Mail, postage prepaid, to counsel for the Defendant[s], Michael A. Delaney Attorney General of N.H., and Nancy J. Smith Senior Assistant Attorney General of N.H., 33 Capital Street Concord, N.H. 03301

*[signature]*