# EXHIBIT - 1

## UNITED STATES COURT OF APPEALS
### For the First Circuit

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| | * | |
| Samuel Bourne individually, and as Trustee of Bedrock Realty Trust, | * | |
| | * | |
| Appellant[s], | * | |
| | * | Civil Action No. 12-1001 |
| v. | * | |
| | * | |
| Stewart Title Guaranty Company And Laconia Savings Bank | | |
| | * | |
| | * | |
| Appellee[s]. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## APPELLANT'S STATEMENT OF APPEAL ISSUES

Now Comes the Appellants Samuel Bourne individually, and as Trustee, and

hereby lists the appeal issues **[separately]** for each of the **[two]** different

Appellee[s], and Mr. Bourne states as follows:

**First; Appeal issues regarding the Appellee Stewart Title Guaranty Company:**

1.     The Court erred by misinterpreting [two] different [ambiguous] Title

policies.

2.     The Court erred by granting summary judgment when there remained fact

issue[s].

1



3.    The Court erred by misapplying the statute of limitations to: (a) an ongoing Title Contract; (b) [newly] discovered Fraud and/or Forged documents; (c) [newly] discovered Title defects; and (d) fraudulent denial of coverage that tolled the statute.

4.    The Court erred by applying (inconsistent) applications of law.

5.    The Court demonstrated bias, while condoning the Appellee's misconduct that consisted of: (a) concealment of discovery; (b) submitting falsified pleadings; and (c) taking inconsistent positions not supported by the Court's record.

**Second; Appeal issue regarding the Appellee Laconia Savings Bank:**

1.    The Court erred by not recognizing that Appellee Laconia Savings Bank lacked legal standing to foreclose upon the subject property, especially where the predatory Bank failed to secure rights of the actual owners.

2.    The Court erred by failing to recognize there remained fact issue[s] as to: (a) the [Bank's Fraud] by its "creation and use" of (predatory appraisals) that purposely over valued the subject property by three times the actual worth, while the property was plagued with ongoing litigation, and Title defects; (b) the Bank failed to secure a Certificate of Trust or Entity Ownership; and (c) whether or not the Bank was Negligent for failing to enforce a second Title policy that covered the ongoing Title defects.

3.    The Court erred by its failure to apply and/or enforce the [Uniform Trust

Code] adopted by New Hampshire, as it applies to the subject "Declaration of

Trust."

4.    The Court erred by applying (inconsistent) applications of law to the Bank's

(fraud), (negligence), and (predatory practices).

Respectfully Submitted,                                      Jan 11, 2012

Samuel Bourne individually, and as Trustee
of Bedrock Realty Trust
117 Pond St
East Bridgewater, MA 02333
508-378-9319

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded via U.S.
First Class Mail, postage prepaid, to counsel for the Appellees,

Gallager, Callahan & Gartrell                    Ford & Weaver, P.A.
C/O R. Mathew Cairns,                            C/O Edmond J. Ford,
P.O. Box 1415                                    10 Pleasant St., Suite 400
Concord, NH 03302                                Portsmouth, NH 03801

3