UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Samuel J. Bourne**

    v.                                  Civil No. 12-cv-251-PB
                                        Opinion No. 2012 DNH 158
**State of New Hampshire et al.**[1]


**O R D E R**

Before the court is plaintiff's motion for recusal and change of venue.  Defendants have objected (Doc. No. 5).  Bourne has replied (Doc. No. 7) and filed two supplements to the motion (Doc. Nos. 9 and 17).  For the following reasons, the motion for recusal and change of venue (Doc. No. 4) is denied.


Discussion

I.  Recusal

A federal statute, 28 U.S.C. § 455, governs the recusal of federal judges and magistrate judges.  I must recuse myself if

---

[1] Defendants in this action are: the State of New Hampshire; the New Hampshire Supreme Court ("NHSC"); NHSC Justices Linda Stewart Dalianis, James E. Duggan, Gary E. Hicks, Robert J. Lynn, and Carol Ann Conboy; and NHSC Clerk Eileen Fox.

my "impartiality might reasonably be questioned," id. § 455(a),[2] and in close cases, doubts are to be resolved in favor of recusal.  See United States v. Snyder, 235 F.3d 42, 46 (1st Cir. 2000).  The inquiry is objective, from the perspective of a "reasonable person," not one who is "'hypersensitive or unduly suspicious,'" but one who is a "'well-informed, thoughtful observer,'" who is aware of all of the surrounding facts and circumstances.  United States v. Sierra Pac. Indus., 759 F. Supp. 2d 1198, 1203 (E.D. Cal. 2010) (quoting United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008)); see also United States v. Pulido, 566 F.3d 52, 62 (1st Cir. 2009), cert. denied, 131 S. Ct. 632 (2010).  To avoid delays and a waste of judicial resources, unnecessary recusals are to be avoided.  Snyder, 235 F.3d at 46.  ("Thus, under § 455(a) a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit." (footnote omitted)).

To support his contention that I should be recused from the case, Bourne asserts the following:

> 1.   I served as an assistant attorney general for the State of New Hampshire from 1980 to 1984, as counsel for United States Senator Warren Rudman from 1984 to 1986, and as Deputy Chief Counsel to the United States Senate Committee on Secret Military Assistance to Iran and the

---

[2] Canon 3(C)(1) of the Code of Conduct for United States Judges also requires recusal where "the judge's impartiality might reasonably be questioned."

2

> Nicaraguan Opposition, in 1987.
>
> 2. I was appointed to this court upon recommendations made to the President, and, Bourne alleges, it is "widely known" that I and other judges were "politically appointed by the recommendations of the State Defendants."
>
> 3. I have appeared in a photograph with Governor Lynch, congratulating a newly-naturalized citizen, following her naturalization, at which I officiated.
>
> 4. I issued rulings adverse to Bourne in prior litigation, Bourne v. Stewart Title Guaranty Co., 09-CV-270-PB (D.N.H.).

I address each contention in turn.

First, my prior state government service occurred at the onset of my legal career, almost thirty years ago, and lasted for less than five years. That past employment relationship with the Attorney General's office was so remote in time and unrelated to the issues here, that no objective observer would question my impartiality in this case. See Arnell v. McAdam, No. 07CV0743-LAB(RBB), 2007 WL 2021826, at *2 (S.D. Cal. July 10, 2007) (employment with district attorney's office, ending twenty-two years ago, would not raise reasonable questions as to judge's impartiality). Nor would any objective observer question my impartiality based on my service as counsel to Senator Rudman and to a Senate committee in the Iran Contra inquiry, occurring more than twenty years ago. Bourne has alleged no facts, and the court is aware of none, that would give rise to any conflict of interest relating to those

associations.

Second, Bourne's claim about politics and the judiciary, namely, the alleged common knowledge that the "State defendants" made "recommendations" regarding each judge's appointment to this court, is neither substantiated nor accurate in my case. Bourne provides no evidence to support his claim, and I am aware of none.  While members of the Bar and others may have contacted the President in connection with my appointment, after due inquiry, I have found no records suggesting that any defendant in this case made such a recommendation.  I find that no objective, well-informed observer, aware of all of the relevant circumstances here, would question my impartiality in this case based on Bourne's bald assertions.  Cf. In re Mason, 916 F.2d 384, 387 (7th Cir. 1990) (reasonable, well-informed observers of federal judiciary understand that "[j]udges with tenure need not toady, and don't[;] Chief Justice Burger wrote an opinion that led to the resignation of the President who gave him that office" (citing United States v. Nixon, 418 U.S. 683 (1974))).

By the same token, the photo of me standing with Gov. Lynch, congratulating a newly-naturalized citizen following her naturalization, provides no grounds for disqualification.  I officiated at the naturalization, and Gov. Lynch attended it. The caption identifies each of us and provides information about

4

the citizen's background, indicating that the photo may have accompanied a news story on the naturalization ceremony.  See Ex. 2 to Pl.'s Addendum to Mot. to Change Venue (doc. no. 17-2). The citizen is not a party here, and Gov. Lynch is named only in his capacity as the State's chief executive.  No objective observer, aware of all of the circumstances, would find that the photo raises any reasonable question concerning my impartiality.

Furthermore, the rulings that I issued in prior litigation involving Bourne do not generate a reasonable basis upon which to question my impartiality.  See Pulido, 566 F.3d at 62 (opinions issued by judges based on facts introduced in prior proceedings "'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible'" (quoting Liteky v. United States, 510 U.S. 540, 555 (1994))).  Put another way, Bourne's fervent disagreement with the reasoning or effect of my prior rulings does not raise any reasonable question about my impartiality.

Bourne's remaining contentions warrant few words.  A third party lawyer's prediction in discussions with Bourne in a different case, regarding the likely disposition of this case, provides no basis for disqualification.  That remark does not in any way suggest that dismissal would result from any improper

considerations or partiality.

Bourne also seeks the recusal of the magistrate judge and other judges in this court, by pointing to their prior state employment, as well as defendant Justice Carol Ann Conboy's term as a law clerk for United States District Judge Shane Devine from 1978-1979, two decades before Judge Devine's death. Chief Judge Laplante has recused himself from this case, see Order (Doc. No. 13), the remaining sitting judges are not assigned to it, and no issue in this matter is presently before the magistrate judge. The motion for recusal as to those judicial officers is thus not ripe, and merits no further consideration.

II. Change of Venue

Bourne premises his request for a change of venue solely upon his contention that all of the judges in this court should be recused. As explained above, neither my recusal nor the wholesale recusal of the judges of this court is warranted. I find no basis for concluding that either the interests of justice or the convenience of the parties warrants a transfer to a different district. See 28 U.S.C. § 1404. Accordingly, I deny the motion for a change of venue.

## Conclusion

For the foregoing reasons, the motion to recuse and to

change venue (Doc. No. 4) is denied.

    SO ORDERED.

                                                      /s/Paul Barbadoro
                                                     Paul J. Barbadoro
                                                     United States District Judge

September 11, 2012

cc:   Samuel J. Bourne, pro se
      Nancy J. Smith, Esq.