**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>**Samuel J. Bourne**</u>

    v.                              Civil No. 12-cv-251-PB
                                   Opinion No. 2012 DNH 160
<u>**State of New Hampshire et al.**</u>



**O R D E R**


Plaintiff Samuel Bourne, appearing pro se, brings suit

against the State of New Hampshire; the New Hampshire Supreme

Court ("NHSC"); NHSC Justices Linda Stewart Dalianis, James E.

Duggan, Gary E. Hicks, Robert J. Lynn, and Carol Ann Conboy; and

NHSC Clerk Eileen Fox.  Bourne's suit arises out of his

unsuccessful appeals of state superior court orders, and NHSC

rulings adverse to Bourne.  Bourne generally asserts that

defendants failed to afford him due process and equal treatment

because he lives in Massachusetts and has appeared pro se, and

that they penalized him for exercising his right to access the

courts.  Bourne seeks relief under 42 U.S.C. § 1983 based on

alleged violations of his federal rights.  Bourne also asserts

state law claims.

Presently before the court is defendants' motion to dismiss

all claims and Bourne's motion to strike defendants' motion.

For reasons set forth below, I grant defendants' motion (Doc.

No. 3), deny Bourne's motion to strike (Doc. No. 8), and dismiss
all of Bourne's claims.

## I.   BACKGROUND

Bourne has filed a number of cases in state and federal
court, concerning property he owns in Madison, New Hampshire.
In the instant case, Bourne has asserted the following claims,
arising out of adverse rulings issued by the NHSC in Bourne's
state court litigation:

> 1.   Defendants violated Bourne's rights to equal
> treatment under the Privileges and Immunities Clause, U.S.
> Const. Art. IV § 2, and his right to equal protection under
> the Fourteenth Amendment, by issuing orders adverse to
> Bourne and in favor of local government officials and New
> Hampshire residents.

> 2.   Defendants deprived Bourne of a fair hearing and
> an impartial appellate process, in violation of Bourne's
> Fourteenth Amendment rights to due process and equal
> protection, by issuing adverse rulings on Bourne's pro se
> filings.

> 3.   Defendants retaliated against Bourne for
> exercising his First and Fourteenth Amendment right to
> petition for the redress of grievances and right to have
> access to the courts by sanctioning Bourne after he filed a
> petition for original jurisdiction.

> 4.   Defendants are liable under state law for
> negligence, in that they issued an order adverse to Bourne
> without first opening and reviewing Bourne's briefs and
> appendices.

> 5.   Defendants are liable under state law for
> fraudulent misrepresentation, for asserting in an order
> that the justices had reviewed Bourne's brief and
> appendices, even though Bourne recovered from the NHSC
> copies of those documents sealed in their original

packages.

Bourne seeks damages and equitable relief for the alleged

constitutional violations and state law torts, including an

order striking sanctions imposed by the NHSC against Bourne and

prohibiting defendants "from any further deprivation of

Constitutional Rights to all who come before them."[1]

## II.  DISCUSSION

### A.  Motion to Strike

Bourne has asserted that the motion to dismiss should be

stricken because (1) the caption uses the term "Honorable" in

listing the NHSC justices and identifies the clerk of court by

her job title, which, Bourne contends, is deceptive as he

intends to sue those individuals in their personal capacities;

and (2) defendants' counsel failed to file a separately docketed

"notice of appearance" before filing the motion to dismiss.

The use of honorific and official titles in a motion filed

on behalf of all of the defendants is entirely appropriate;

nothing in the caption is remotely inaccurate or deceptive.

Furthermore, by signing and filing the motion to dismiss,

---

[1] Bourne, proceeding pro se in this action, cannot seek
relief on behalf of third parties.  See Simon v. Hartford Life,
Inc., 546 F.3d 661, 665 (9th Cir. 2008) ("courts have routinely
adhered to the general rule prohibiting *pro se* plaintiffs from
pursuing claims on behalf of others in a representative
capacity" (citations omitted)).

defendants' counsel properly filed an appearance in this case.

See Local Rule 83.6.  Accordingly, I deny the motion to strike.

**B.   Motion to Dismiss**

Defendants have moved to dismiss all of the claims asserted

against them, pursuant to Fed. R. Civ. P. 12(b)(6).  For reasons

stated below, the motion is granted.  The Rooker-Feldman

doctrine bars Bourne from proceeding with claims asking this

court to review and reverse rulings issued by the NHSC; Bourne

has failed to state a viable claim for relief; Bourne's claims

against the State and the NHSC are barred by the Eleventh

Amendment; and the justices and court clerk enjoy absolute

immunity from Bourne's claims for damages.


**III.   STANDARD OF REVIEW**

In considering a motion to dismiss for failure to state a

claim upon which relief can be granted, under Fed. R. Civ. P.

12(b)(6), the court's review is generally limited to the matters

asserted in the complaint, but may also include consideration of

matters susceptible of judicial notice, documents attached to

the pleadings, and documents sufficiently referred to in the

complaint.  See Curran v. Cousins, 509 F.3d 36, 44 (1st Cir.

2007).  I must "accept as true the well-pleaded factual

allegations of the complaint, draw all reasonable inferences

therefrom in the plaintiff's favor and determine whether the

4

complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002). The plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

A.    **Rooker-Feldman Doctrine**

The Rooker-Feldman doctrine, with certain exceptions not relevant here, "precludes a lower federal court from entertaining a proceeding to reverse or modify a state judgment or decree to which the [plaintiff] was a party." Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003). Rooker-Feldman is applicable in the limited circumstances when the losing party in state court files suit in federal court after the state court proceedings have ended, and seeks district court review and rejection of state court judgments. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de

Puerto Rico, 410 F.3d 17, 21 (1st Cir. 2005).  Rooker-Feldman

applies if the claims raised in the state courts are asserted in

the federal case, or if the claims asserted in the federal court

case are "'inextricably intertwined' with a state court

judgment," such that "the district court is in essence being

called upon to review the state-court decision."  Brown v.

Bowman, 668 F.3d 437, 442 (7th Cir. 2012) (citations omitted),

petition for cert. filed, No. 11-1456 (U.S. May 31, 2012).  A

federal claim is "'inextricably intertwined'" with a state court

judgment if "it alleges that the supposed injury was caused by

the state court judgment."  Id.  When Rooker-Feldman is

applicable, the federal district court lacks subject matter

jurisdiction to review the state court decision even if the

judgment is wrong or was entered following patently

unconstitutional proceedings.  See D.C. Ct. App. v. Feldman, 460

U.S. 462, 486 (1983).  Once the state court proceedings have

ended, the parties may seek review of the state court judgments,

if at all, in the United States Supreme Court, pursuant to 28

U.S.C. § 1257 (providing for certiorari jurisdiction over final

state court judgments), but may not ask for review and rejection

of those judgments in the federal district courts.  See

Federación de Maestros, 410 F.3d at 25.

Here, all of the state court proceedings at issue ended

before Bourne filed this federal action.  Moreover, Bourne has

asked this court to review, and to deem null and void, final NHSC orders, which he claims were issued by a biased and negligent tribunal. Specifically, Bourne asserts that: the justices failed to read his brief and appendices when they issued orders adverse to him, and the statement in a summary affirmance indicating that the court had considered the record was false and injurious to Bourne; the NHSC discriminated against him by issuing orders favorable to defendants in cases filed by Bourne; and the NHSC retaliated against Bourne by issuing an order granting respondents' motion for fees and costs and declining Bourne's petition for original jurisdiction, see In re Bourne, No. 2011-0815 (N.H. Jan. 12, 2012). Bourne has requested, among other things, that this court strike the NHSC order sanctioning him, and prohibit the NHSC from further acts depriving him of his federal constitutional rights.

Bourne's claims are, at their core, the claims of a disgruntled litigant, seeking federal district court review of prior state court judgments, rooted in his belief that those judgments are wrong and injurious to him. This court would necessarily be called upon to review the validity of NHSC orders to adjudicate Bourne's federal claims. The Rooker-Feldman doctrine precludes such review by this court, insofar as Bourne's federal claims are inextricably intertwined with the state court decisions at issue. Therefore, Bourne's federal

claims are subject to dismissal pursuant to the Rooker-Feldman

doctrine.

    **B.**    **<u>Failure to State a Claim</u>**

    To the extent that the Rooker-Feldman doctrine does not bar

this court's review of all of Bourne's claims, dismissal of each

claim is warranted pursuant to Fed. R. Civ. P. 12(b)(6).

Stripped of Bourne's legal conclusions about NHSC bias, the

discrimination he attributes to his out-of-state residency and

self-advocacy, and the justices' allegedly negligent,

fraudulent, and retaliatory conduct, the allegations in the

complaint consist of Bourne's assertions that (1) Judge Houran

issued rulings in Bourne's superior court case against Town

officials and others despite having recused himself from

participating in another case filed by Bourne against different

parties, and the NHSC failed to take action in response to that

fact; (2) certain standard NHSC notices and orders were signed

by the NHSC clerk; (3) only one copy of Bourne's brief and

appendices had been removed from all of the copies filed by

Bourne, and the remaining copies were still in their original

packages when Bourne retrieved his documents; and (4) adverse

state court judgments injured Bourne.  Bourne has not shown that

the clerk acted without authority, and the NHSC orders and

notices would belie such an assertion.  Bourne has also failed

to show that illegal discrimination factored into the NHSC's

issuance of orders favorable to opposing parties or adverse to
Bourne, or that the justices needed access to more than one copy
of Bourne's filings in order to review the record, before
denying Bourne relief.

Bourne's complaint thus contains insufficient allegations
to state plausible claims that Bourne's constitutional rights
were violated, or that defendants' conduct constituted
actionable negligence or fraud.  Therefore, I dismiss all of
Bourne's claims for failure to state a claim upon which relief
can be granted.

### C.   Eleventh Amendment Immunity

The Eleventh Amendment bars Bourne's claims against the
State and the NHSC.  "In the absence of consent, waiver, or
abrogation, the Eleventh Amendment bars suit against states
themselves regardless of the form of relief sought." Irizarry-
Mora v. Univ. of P.R., 647 F.3d 9, 11 n.1 (1st Cir. 2011); see
also Fantini v. Salem State College, 557 F.3d 22, 33 (1st Cir.
2009) ("it is well settled 'that neither a state agency nor a
state official acting in his official capacity may be sued for
damages in a section 1983 action'" (citation omitted)).  The
NHSC is an arm of state government, and the State has not waived
its Eleventh Amendment immunity for the type of claims asserted
by Bourne in this case.  Cf. Gallo v. Essex Cnty. Sheriff's
Dept., No. CIV.A. 10-10260-DPW, 2011 WL 1155385, *6 (D. Mass.

Mar. 24, 2011) ("'[a]lthough a State's general waiver of
sovereign immunity may subject it to suit in state court, it is
not enough to waive the immunity guaranteed by the Eleventh
Amendment'" (quoting Atascadero State Hosp. v. Scanlon, 473 U.S.
234, 241 (1985))); see also United States v. Mottolo, 629 F.
Supp. 56, 63 (D.N.H. 1984).  Accordingly, even if Bourne had
stated claims upon which relief could be granted and to the
extent that the Rooker-Feldman doctrine does not otherwise
preclude review, the Eleventh Amendment bars all of Bourne's
claims against the State and the NHSC.

   D.   **Absolute Immunity**

   The individual defendants in this case enjoy absolute
immunity from personal liability on Bourne's claims for damages.
Such immunity applies to "any normal and routine judicial act"
undertaken within the scope of the judge's jurisdiction, "no
matter how erroneous the act may have been, how injurious its
consequences, how informal the proceeding, or how malicious the
motive." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).
Accord Gould v. Dir., N.H. Div. of Motor Vehicles, 138 N.H. 343,
346, 639 A.2d 254, 257 (1994) ("'judicial officers, when acting
on subjects within their jurisdiction, are exempted from civil
prosecution for their acts'" (citation omitted)).

   The Supreme Court has stated that "the necessary inquiry in
   determining whether a defendant judge is immune from suit
   is whether at the time he took the challenged action he had

10

jurisdiction over the subject matter before him."  The
Court further instructed that we construe the scope of the
judge's jurisdiction broadly.  "A judge is absolutely
immune from liability for his judicial acts even if his
exercise of authority is flawed by the commission of grave
procedural errors."

Guzman-Rivera v. Lucena-Zabala, 642 F.3d 92, 99 (1st Cir. 2011)

(quoting Stump v. Sparkman, 435 U.S. 349, 356 & 359 (1978)).

Court clerks are entitled to absolute immunity, derivative

of the judges' immunity, to the extent that they are alleged to

be liable for carrying out the judge's directives, see Slotnick

v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980); see also

Atherton v. D.C. Office of Mayor, 567 F.3d 672, 682 (D.C. Cir.

2009) (absolute immunity applied to court clerk "accused of

issuing a false order against a pro se plaintiff barring his

access to the court" (citation omitted)), cert. denied, 130 S.

Ct. 2064 (2010).

Here, all of Bourne's allegations with respect to the

justices relate to matters within the scope of their legitimate

authority, including the issuance of orders in Bourne's cases,

and to their alleged failure to perform judicial acts with

respect to matters within their jurisdiction.  As to the court

clerk, the challenged acts consisted of the clerk's issuance of

orders at the justices' direction, and provision of a standard

notice to Bourne, indicating that, pursuant to NHSC Rule 24(3),

the NHSC would not act on his pleadings filed after the court's

11

mandate had issued.  Because Bourne has failed to show that any

defendant justice acted in the clear absence of the NHSC's

jurisdiction, or that the court clerk took any action beyond the

scope of the court's directives, each individual defendant is

absolutely immune from Bourne's claims for civil liability,

based on alleged torts and constitutional violations, if any

such claims were actionable, and to the extent that they are not

otherwise barred by the Rooker-Feldman doctrine.


#### IV.   CONCLUSION

For the foregoing reasons, I deny the motion to strike

(Doc. No. 8), and grant the motion to dismiss (Doc. No. 3).  The

clerk shall enter a judgment of dismissal and close the case.

SO ORDERED.


/s/Paul Barbadoro
Paul Barbadoro
United States District Judge


September 14, 2012

cc:  Samuel J. Bourne, pro se
     Nancy J. Smith, Esq.