# United States Court of Appeals
## For the First Circuit

No. 12-2168

SAMUEL J. BOURNE,

Plaintiff, Appellant,

v.

STATE OF NEW HAMPSHIRE, ET AL.,

Defendants, Appellees.

Before

Lynch, Chief Judge,
Torruella and Howard, Circuit Judges.

JUDGMENT

Entered: March 14, 2013

    Appellant Samuel J. Bourne, pro se, challenges the district court's dismissal of his claims brought under 42 U.S.C. § 1983 and New Hampshire state law against the State of New Hampshire (the State), the New Hampshire Supreme Court (NHSC), four NHSC Justices, and the NHSC Clerk; Bourne also appeals the district court's denial of his motion to recuse. The underlying case arose out of adverse rulings issued by the NHSC in Bourne's state court litigation. Essentially for the reasons stated in the district court's September 11, 2012, Order denying Bourne's motion to recuse and its September 14, 2012, Order granting defendants' motion to dismiss, we affirm.

    The district court did not abuse its discretion in finding that Bourne had failed to establish grounds for recusal. See Interex, Inc. v. C.I.R., 321 F.3d 55, 58, 60 (1st Cir. 2003). To the extent that Bourne now argues that the district court failed to address whether its relationships with defendants Conboy and Duggan were disqualifying, no error is apparent; Bourne did not develop these arguments below, and the bald assertions that the district court once "worked directly" with one and had a "close friendship" with the other are insufficient to establish a basis for recusal.

With regard to the merits, we agree that Bourne's claims were properly dismissed based on the Rooker-Feldman doctrine. See Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 20 (1st Cir. 2005) ("Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over 'federal complaints . . . that essentially invite federal courts of first instance to review and reverse unfavorable state-court judgments" (quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)) (alterations omitted). While Bourne maintains that he is not seeking reversal of state court judgments per se, it is clear that his is complaining of injuries caused by the state court's rulings. The Rooker-Feldman doctrine therefore precludes review. See Davison v. Government of P.R.-P.R. Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006).

We also agree with the district court's determinations that the State and the NHSC were entitled to Eleventh Amendment immunity, see Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985), that the justices and Clerk of the NHSC were entitled to absolute judicial immunity, see Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980) (judicial immunity extends to those who carry out the orders of judges). Contrary to Bourne's assertion, the record reflects that the district court considered the state law claims and properly concluded that they, too, were subject to dismissal. We have considered Bourne's remaining arguments concerning, inter alia, the availability of injunctive relief, and we find them to be without merit. As the foregoing grounds for dismissal are dispositive, we need not consider whether the complaint is also subject to dismissal for failure to meet minimal pleading standards.

Affirmed. See 1st Cir. Loc. R. 27.0(c).

By the Court:

/s/ Margaret Carter, Clerk.

cc:
Samuel J. Bourne
Nancy J. Smith